IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GLORIA RODGERS,** | ) | **CASE NO. 8:10CV46** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DATA TRANSMISSION NETWORK, et al., TELVENT, CHRIS WHITTINGHILL, AMANDA MARSHALL, and SHERI WASHBURN,** | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint in this matter on February 3, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint in this matter against her previous employer, Data Transmission Network ("DTN"), three individual employees of DTN, and an entity called Telvent. (Filing No. 1 at CM/ECF pp. 1-2.) Condensed and summarized, Plaintiff sues Defendants under the Age Discrimination in Employment Act ("ADEA") and the Family and Medical Leave Act ("FMLA"). (Id. at CM/ECF pp. 3-4.)

Plaintiff alleges that DTN hired her "on or about January 15, 1992," and terminated her employment on October 9, 2007. (Id.) During the period of her employment, Plaintiff "met applicable job qualifications" and met DTN's "legitimate expectations" of employment. (Id. at CM/ECF p. 2.) Plaintiff further alleges that, at the time of her termination, she was 57 years old and DTN replaced her with "a person significantly younger in age." (Id. at CM/ECF p. 3.) Plaintiff filed a charge of discrimination with the Equal Opportunity

Employment Commission, which dismissed her charge on November 4, 2009. (*Id.* at CM/ECF pp. 3-4.)

In addition, DTN approved Plaintiff's "indefinite intermittent" FMLA request in February 2006. (*Id.* at CM/ECF p. 4.) Plaintiff originally sought FMLA leave to care for her husband, who suffers from kidney failure, but also needed six weeks of FMLA leave for her own surgery. At the time of her termination in October 2007, DTN stated the reason for Plaintiff's termination was her failure to meet "production goals." (*Id.*) However, one week prior to her termination, Defendant Marshall questioned Plaintiff regarding the status of her "husband's health and medical insurance." (*Id.*) Plaintiff seeks monetary relief and reinstatement. (*Id.* at CM/ECF p. 5.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's

complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.   Plaintiff's ADEA Claims

Liberally construed, Plaintiff's Complaint sets forth claims under the ADEA. The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a)(1). To establish a prima facie claim of age discrimination, a plaintiff must show she (1) was at least forty years old; (2) was terminated; (3) was meeting the employer's reasonable expectations at the time of the termination; and (4) was replaced by someone substantially younger. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 807 (8th Cir. 2003); *see also Haas v. Kelly Servs., Inc.*, 409 F.3d 1030, 1035 (8th Cir. 2005). In addition, a plaintiff must show "intentional discrimination against the plaintiff on account of the plaintiff's age." *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1331 (8th Cir. 1996). A plaintiff can prove intentional discrimination by either presenting direct evidence of discrimination based on age or by presenting circumstantial evidence. *Id.* at 1332 (citations omitted).

Plaintiff alleges that she was 57 years of age at the time of her termination, that she met the legitimate expectations of DTN, and that she was replaced by someone substantially younger. (Filing No. 1.) Plaintiff also alleges that the primary motivating factor in her termination was her age. (*Id.*) These allegations are sufficient to nudge Plaintiff's ADEA claims across the line from conceivable to plausible. However, the court cautions

Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

    *B.    Plaintiff's FMLA Claims*

In addition to her ADEA claim, Plaintiff alleges Defendants failed to comply with the FMLA. (Filing No. 1 at CM/ECF pp. 4-5.) The FMLA prohibits employers from discriminating against employees for using FMLA leave. *See Stallings v. Hussmann Corp., 447 F.3d 1041, 1051 (8th Cir.2006)*. Under the FMLA, an eligible employee may take up to twelve weeks of unpaid leave during a twelve-month period in order to "care for a [family member that] has a serious health condition" or for "a serious health condition that makes the employee unable to perform the functions of [their] position . . . ." 29 U.S.C. § 2612(1)(C); 29 U.S.C. § 2612(1)(D). An employee triggers her employer's duties under the act when she provides enough information to put that employer on notice that she may be in need of FMLA leave. *Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1049 (8th Cir.1999)*, *cert. denied*, 528 U.S. 1050 (1999).

As discussed above, Plaintiff alleges that her husband has a serious health condition that qualified her for FMLA leave. (Filing No. 1 at CM/ECF p. 4.) Plaintiff also alleges that she needed to take FMLA leave in order to care for him and in order to recover from her own surgery, which Defendants approved. (*Id.*) Shortly prior to her termination, Defendants questioned Plaintiff regarding her husband's health status. (*Id.*) Soon after, Defendants terminated Plaintiff's employment, citing failure to meet "production goals." (*Id.*) These allegations are sufficient to nudge Plaintiff's FMLA claims across the line from conceivable to plausible. Again, the court cautions Plaintiff that this is only a preliminary

4

determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

    C.    *Claims against Telvent*

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

Here, Plaintiff names Defendant Telvent in the caption of her Complaint, and states that it is a Nebraska corporation. (Filing No. 1 at CM/ECF p. 1.) However, Plaintiff does not allege that Telvent committed a specific act within the body of the Complaint and does not allege how Telvent is related to DTN, if at all. In short, Plaintiff fails to allege that Defendant Telvent was personally involved, and her Complaint fails to state a claim against that entity upon which relief may be granted. Accordingly, Defendant Telvent is dismissed from this matter without prejudice.

    IT IS THEREFORE ORDERED that:

1. All claims against Defendant Telvent are dismissed without prejudice because Plaintiff has failed to state a claim upon which relief may be granted as to that Defendant;

2. Plaintiff's claims against the remaining Defendants may proceed and service is now warranted;

3. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR (4) summons forms and FOUR (4)

       USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

4. Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process;

6. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

7. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**July 25, 2010:** Check for completion of service of summons;" and

8. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 25th day of March, 2010.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.