**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **GLORIA RODGERS,** | ) | **CASE NO. 8:10CV46** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DATA TRANSMISSION NETWORK,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 23.)

As set forth below, the Motion is granted in part.

## I.   BACKGROUND

Plaintiff filed her Complaint in this matter against her previous employer, Data

Transmission Network ("DTN"), three individual employees of DTN (together, the

"Individual Defendants"), and an entity called Telvent. (Filing No. 1 at CM/ECF pp. 1-2.)

Condensed and summarized, Plaintiff sued Defendants under the Age Discrimination in

Employment Act ("ADEA") and the Family and Medical Leave Act ("FMLA"). (*Id.* at

CM/ECF pp. 3-4.)

The court conducted an initial review of Plaintiff's Complaint on March 25, 2010.

(Filing No. 6.)  In its March 25, 2010, Memorandum and Order, the court dismissed

Defendant Telvent, but allowed Plaintiff to proceed on her two claims against the remaining

Defendants. (*Id.*)  Plaintiff thereafter filed an Amended Complaint. (Filing No. 7.)  In her

Amended Complaint, Plaintiff alleges her original claims under the ADEA and the FMLA.

(*Id.*)  Additionally, Plaintiff alleges a claim pursuant to the Americans with Disabilities Act

("ADA"), a claim pursuant to the Employee Retirement Income Security Act ("ERISA"), and

a breach of employment contract claim under state law. (*Id.*)

Defendants filed a Motion to Dismiss, arguing that each of Plaintiff's claims contained in the Amended Complaint should be dismissed. (Filing Nos. 23 and 24.) Plaintiff filed a lengthy Response to the Motion, along with numerous exhibits. (Filing Nos. 30 and 31.) Defendants thereafter filed a Reply (Filing No. 37), and this matter is therefore deemed fully submitted.

## II.   MOTION TO DISMISS STANDARD

Where a pro se plaintiff does not set forth enough factual allegations to "nudge [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). As set forth in *Ashcroft*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

2

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1949-50. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted). In addition, a court may not consider facts outside of the pleadings.

### III.   DEFENDANTS' MOTION TO DISMISS

#### A.   Plaintiff's ADEA Claim

Defendants argue that Plaintiff's ADEA claim should be dismissed because (1) it is barred by the applicable statute of limitations; and (2) it fails to state a claim upon which relief may be granted. (Filing No. 24.) The Individual Defendants also argue that dismissal is appropriate because the ADEA does not allow for individual liability. (*Id.*) The court agrees that Plaintiff's claim against the Individual Defendants must be dismissed. However, Plaintiff's ADEA claim against DTN may proceed.

##### 1.   Statute of Limitations

"The failure to file suit within 90 days of receiving a notice of final agency action renders a plaintiff's ADEA action untimely." *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589 (8th Cir. 2003). As the Eighth Circuit has determined, dismissal is appropriate where a plaintiff has "adequate notice of the 90-day limit" and there "is no assertion of any affirmative misconduct that misled him into missing the filing deadline." *Id.*

Here, Plaintiff alleges that, "[o]n November 4, 2009, the Plaintiff received notice of the dismissal of the [ADEA] charge from the EEOC." (Filing No. 7 at CM/ECF p. 6.) Thus, any complaint based on the dismissal of the charge must have been filed no later than February 2, 2010, 90 calendar days after the date Plaintiff alleges that she received notice

3

of the final agency action. Plaintiff filed her Complaint in this matter on February 3, 2010, one day late. (Filing No. 1.)

In her Response to the Motion to Dismiss, Plaintiff states that "through inadvertence and mistake she misstated the actual date she received the right to sue letter." (Filing No. 30 at CM/ECF p. 9.) Rather than allege the date on which she received notice of the EEOC's decision, she simply alleged the date of the EEOC decision letter. In support, Plaintiff submitted the EEOC "Dismissal and Notice of Rights" letter which states the "date mailed" as November 4, 2009, from St. Louis, Missouri. (Filing No. 31 at CM/ECF p. 19.) It is apparent from the record before the court, and common sense, that Plaintiff could not have received the letter on the same date it was mailed from St. Louis.[1] As such, the court finds that Plaintiff's ADEA claim was timely filed.

    2.    *Individual Defendants*

The Individual Defendants argue that, to the extent she has alleged an ADEA claim against them, it must be dismissed because there is no individual liability under the ADEA. Although the Eighth Circuit has not decided the issue, "the majority of the other federal circuit courts of appeal have uniformly held that the ADEA does not provide for individual liability." *Nelson v. Long Lines Ltd.*, 335 F. Supp. 2d 944, 964 n. 5 (N.D. Iowa 2004) (citations omitted); *see also Hamilton v. Nicholson*, No. 8:03CV443, 2007 WL 1290132, at *3 (D. Neb. Mar. 12, 2007) (holding that under the ADEA an individual is not an "employer" and cannot be held individually liable). As such, to the extent Plaintiff seeks to bring an ADEA claim against the Individual Defendants, it is dismissed.

---

[1]Defendants do not address Plaintiff's "inadvertence" argument in their Reply Brief. (Filing No. 37.) Presumably, Defendants do not dispute that Plaintiff received the right-to-sue letter at some point *after* the EEOC mailed it from St. Louis on November 4, 2009.

3.      Failure to State a Claim

On March 25, 2010, the court conducted a detailed initial review of Plaintiff's claims. (Filing No. 6.)  In that Memorandum and Order, the court liberally construed and analyzed Plaintiff's ADEA claim.  (Id.)  In doing so, the court determined that Plaintiff had set forth enough allegations to "nudge" her claims "across the line from conceivable to plausible," the same standard used to resolve a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6).  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Burke v. North Dakota Dep't of Corr. and Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (holding that a pro se complaint must be construed liberally).

Defendants now argue that Plaintiff's Amended Complaint fails to state a sufficient claim under the ADEA.  However, the allegations supporting Plaintiff's ADEA claim in the Amended Complaint are nearly identical to those in the Complaint.  The court already resolved the question of the sufficiency of the allegations, and declines to revisit it now.  For the reasons set forth in its March 25, 2010, Memorandum and Order, Plaintiff has set forth sufficient facts to nudge her ADEA claim across the line from conceivable to plausible.  While Plaintiff's claim may ultimately not withstand a motion for summary

judgment,[2] it is enough to withstand the pending Motion.  However, as set forth above,

Plaintiff's ADEA claim will proceed against Defendant DTN only.

**B.    *Plaintiff's FMLA Claim***

Defendants argue that Plaintiff's FMLA claim, as alleged, is barred by the

applicable statute of limitations.  The parties agree, and the law is clear, that "Congress

created a two-tiered statute of limitations for FMLA claims." *Hanger v. Lake Cnty.,* 390

F.3d 579, 582 (8th Cir. 2004).  As set forth in *Hanger*:

> Generally, the statute of limitations for an FMLA violation is "not later than 2
> years after the date of the last event constituting the alleged violation for
> which the action is brought." 29 U.S.C. § 2617(c)(1).  However, where an
> employer engages in a "willful violation" of the FMLA, the statute of
> limitations is extended to three years. 29 U.S.C. § 2617(c)(2).

*Id.*  While the FMLA does not define "willful," the Eighth Circuit has defined it as occurring
where "the employer either knew or showed reckless disregard for the matter of whether
its conduct was prohibited by the statute." *Id.* (citations omitted).  "Willfulness" requires
more than an employer knowing that the FMLA "was in the picture," or "general knowledge
regarding a statute's potential applicability." *Id.* at 583-84; *see also Solorzano v. Ry. &
Indus. Servs., Inc.,* No. 09C3733, 2010 WL 234972, at *2 (N.D. Ill. Jan. 15, 2010) (granting
motion to dismiss where the plaintiff failed to include "any allegation of willfulness
whatsoever" and "the facts alleged do not support an inference" that the defendant willfully
violated the FMLA).

According to Plaintiff's allegations, DTN terminated her on October 9, 2007.  (Filing

No. 7 at CM/ECF p. 9.)  Thus, any FMLA must have been filed no later than October 9,

2009, unless the Complaint alleges a willful violation.  The court has carefully reviewed the

---

[2]The court notes that Defendants' Motion to Dismiss, with its 46-page Brief in
support, Index of Evidence, and 34-page Reply Brief, is more akin to a motion for summary
judgment than a motion to dismiss. The same is true of Plaintiff's Response.  Indeed, both
Defendants' Motion and Plaintiff's Response rely on unauthenticated documents and
numerous other documents outside of the pleadings.  At this stage of the proceedings, the
court must liberally construe Plaintiff's allegations and cannot consider such "evidence."
In the event that the parties elect to file motions for summary judgment, they are cautioned
that the court will only consider evidence which complies with the Federal Rules of Civil
Procedure and the Local Rules of this court.

Amended Complaint.  Plaintiff sets forth 13 paragraphs relating to her FMLA claim.
Nowhere in these allegations does Plaintiff allege that Defendants' conduct in terminating
her was willful, knowing, or in reckless disregard of the FMLA.  (*Id.*)  Indeed, the only
reference to "willfulness" relates to Plaintiff's ADEA claim.  This allegation specifically
states that "Defendant's violation [of] 29 U.S.C. § 623(a)(1) of the Age Discrimination in
Employment Act was intentional and willful."  (*Id.* at CM/ECF p. 7.)  Although Plaintiff
generally incorporates all previous allegations into each of her claims, the court finds that
the allegation of willfulness relating to the ADEA violation is a separate allegation
applicable only to Plaintiff's ADEA claim.  Thus, the court will not also broadly infer that
Plaintiff alleges "willfulness" in all of her claims because of the incorporated ADEA-specific
allegations.  In short, Plaintiff has not alleged a willful violation of the FMLA, nor do the
facts alleged support an inference of a willful violation.  (*Id.*)  As such, the two-year statute
of limitations applies to Plaintiff's FMLA claim.  Because Plaintiff filed her Complaint on
February 3, 2010, more than three months after the statute of limitations expired, her
FMLA claim is untimely and is therefore dismissed.

## C.    *Plaintiff's ADA Claim*

For the first time in her Amended Complaint, Plaintiff alleges a claim under the ADA.
(Filing No. 7.)  Defendants argue that this claim must be dismissed because it is barred by
the applicable statute of limitations.

Claims under the ADA must be brought no later than 90 days after receipt of a
"right-to-sue letter."  *Williams v. Thomson Corp.*, 383 F.3d 789, 790-91 (8th Cir. 2004)
(affirming dismissal of ADA claim as untimely where the plaintiff filed her claim outside the
90-day period and the plaintiff was at fault for the late filing).  The record before the court

shows that Plaintiff filed a charge of discrimination relating to her ADA claim with the
EEOC. The EEOC dismissed the charge on January 14, 2010, stating that "[t]his Dismissal
and Notice of Rights relates only to [Plaintiff's] allegation of discrimination due to disability
by association."[3] (Filing No. 25-7, Attach. 7, at CM/ECF p. 1.) The first time Plaintiff raised
her ADA claim was in her Amended Complaint, filed on July 6, 2010, 173 days after the
EEOC's dismissal. (Filing No. 7.) Assuming that Plaintiff received the dismissal soon after
the "date mailed" of January 14, 2010, Plaintiff's ADA claim was untimely.

Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 15(c), her ADA
claim should "relate back" to the date on which she filed her original Complaint. (Filing No.
30 at CM/ECF pp. 54-56.) As set forth in Rule 15(c), "[a]n amendment to a pleading
relates back to the date of the original pleading when . . . the amendment asserts a claim
or defense that arose out of the conduct, transaction, or occurrence set out–or attempted
to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Eighth Circuit has
noted that the rationale for this provision "is that a party who has been notified of litigation
concerning a particular occurrence has been given all the notice that statutes of limitations
were intended to provide." *Maegdlin v. Int'l Ass'n of Machinists and Aerospace Workers,
Dist. 949*, 309 F.3d 1051, 1052 (8th Cir. 2002) (affirming denial of relation back for untimely
Title VII retaliation claim). Further, where an "original complaint contains no suggestion"

---

[3]"Though matters outside the pleading may not be considered in deciding a Rule 12
motion to dismiss, documents necessarily embraced by the complaint are not matters
outside the pleading." *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066,
1069 (8th Cir. 2004). Further, when deciding a motion to dismiss, "courts may rely on
matters within the public record." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 802-03
(8th Cir. 2002). The Eighth Circuit has expressly determined that an EEOC charge and
right-to-sue letter are part of the public record and may be considered in resolving a motion
to dismiss. *Id.*

of the claim or conduct now alleged, it "would be impractical and unfair" to allow relation back. *Id.* at 1053-54.

Here, Plaintiff's original Complaint alleged claims only under the ADEA and the FMLA. (Filing No. 1.) Although the original Complaint mentions Plaintiff's husband's disability, it does so only in the specific context of Plaintiff's FMLA claim and only with respect to the cost of his medical treatment. The Complaint does not contain any allegations indicating that Plaintiff's termination was in any way a result of her association with a person with a disability, and does not otherwise suggest a potential ADA claim in any way. (*Id.*) Plaintiff's Complaint provided no notice that an ADA claim would be forthcoming. Importantly, Plaintiff received notice of the EEOC's denial of her ADA claim, along with notice that any claim must be filed within 90 days, prior to the filing of her original Complaint on February 2, 2010. She then waited an additional five months before filing her Amended Complaint. Plaintiff's late filing of the ADA claim is her own fault, and it would be unfair to permit Plaintiff's ADA claim to relate back to the filing of the original Complaint. The ADA claim is untimely and is therefore dismissed.

**D.   *Plaintiff's ERISA Claim***

   *1.   Failure to State a Claim*

In her Amended Complaint, Plaintiff asserts a claim under § 510 of ERISA. (Filing No. 7 at CM/ECF pp. 16-17.) As recently reiterated by the Eighth Circuit, "[s]ection 510 of ERISA makes it unlawful for an employer to discharge a participant in an employee benefit plan 'for exercising any right to which he is entitled under the provisions of an employee benefit plan' (retaliation) or 'for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan' (interference)." *Manning*

*v. Am. Republic Ins. Co.*, 604 F.3d 1030, 1042 (8th Cir. 2010) (quoting 29 U.S.C. § 1140).

A claim for relation under ERISA is subject to the same "three-part burden-shifting framework common to Title VII and Age Discrimination in Employment Act cases" as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.* Further, to establish a prima facie case of ERISA retaliation, a plaintiff must allege and prove, "(1) she participated in a statutorily protected activity (i.e., making a reasonable claim for ERISA benefits); (2) an adverse employment action was taken against her; and (3) a causal connection existed between her participation in a statutorily protected activity and an adverse employment action." *Id.* at 1043.

Plaintiff alleges that she was a plan participant in DTN's health care employee benefit plan. (Filing No. 7 at CM/ECF p. 16.) As a participant, Plaintiff alleges that she engaged in the activity of the "presentation of medical claims on behalf of her spouse . . . who suffers from renal failure." (*Id.* at CM/ECF p. 17.) Plaintiff was "wrongfully terminated" by DTN for engaging in this activity. (*Id.*) The court finds that Plaintiff has set forth sufficient facts to nudge her § 510 ERISA claim across the line from conceivable to plausible. While this claim may ultimately not withstand a motion for summary judgment,[4] it is enough to withstand the pending Motion.

---

[4]The court declines to reach Defendants' argument that Plaintiff's ERISA claim must be dismissed because Plaintiff failed to exhaust her remedies under DTN's benefits plan prior to filing suit. (Filing No. 24 at CM/ECF pp. 43-45.) The court cannot resolve the question of exhaustion without a detailed review of numerous documents outside of the pleadings such as the terms of the benefit plan, correspondence between the parties regarding the plan and any claims Plaintiff made under the plan, and other documents relating to exhaustion or whether exhaustion would be futile. This fact-intensive review is not permitted at this stage of the proceedings. However, Defendants may re-assert this argument in a properly-supported motion for summary judgment.

2.    *Individual Defendants*

The Individual Defendants argue that, to the extent she has alleged an ERISA claim against them, it must be dismissed because there is no individual liability under ERISA. In her Response to the Motion, Plaintiff does not argue that she alleges a claim under ERISA against the Individual Defendants.  As such, and after careful review of the pleadings, the court finds that Plaintiff's Amended Complaint does not allege a claim against the Individual Defendants.

**E.    *Plaintiff's Breach of Employment Contract Claim***

In her Amended Complaint, Plaintiff alleges a state-law claim for "wrongful termination." (Filing No. 7 at CM/ECF pp. 11-15.) Liberally construed, this claim is actually a claim for breach of an employment contract.  Under Nebraska law, a plaintiff asserting a wrongful termination breach of contract claim must allege and prove the existence of a contract, the terms of the contract, that the defendant breached the contract by terminating the plaintiff-employee, that the breach "proximately caused" the plaintiff's damages, the nature and extent of the damages, and that the plaintiff complied with the terms of the contract. *Barks v. Cosgriff Co.*, 529 N.W.2d 749, 754 (Neb. 1995).  Further, "[i]t is plaintiff's burden to prove the existence of the contract and all the facts essential to the cause of action." *Pfister v. Bryan Mem'l Hosp.*, 874 F. Supp. 993, 997 (D. Neb. 1995).

In her Amended Complaint, Plaintiff alleges that DTN employed her "through contract," specifically through the "Inside Ag Services Compensation Plan."  (Filing No. 7 at CM/ECF p. 12.)  Plaintiff further alleges that she signed this contract in January, 2007, and alleges the general terms of the contract including her own sales obligations.  (*Id.* at CM/ECF pp. 12-15.)  Plaintiff alleges that DTN wrongfully terminated her in violation of the

contract, even though she met her obligations under the contract. (*Id.*) Plaintiff also alleges that she suffered damages and seeks reinstatement to her previous position or "front pay," back pay, and any other "compensatory and punitive damages." (*Id.* at CM/ECF p. 17.) In light of these allegations, the court finds that Plaintiff has set forth sufficient facts to nudge her breach of contract claim across the line from conceivable to plausible. While this claim may ultimately not withstand a motion for summary judgment,[5] it is enough to withstand the pending Motion. Further, liberally construed, Plaintiff asserts this claim only against Defendants DTN, Whittinghill, and Washburn.

## IV.   CONCLUSION

For clarity as this matter progresses to final disposition, the court summarizes its decision regarding Defendants' Motion to Dismiss. Plaintiff's ADEA claim was timely filed, but is dismissed with prejudice against the Individual Defendants. Thus, Plaintiff's ADEA claim may proceed against DTN only. Plaintiff's FMLA and ADA claims are dismissed with prejudice in their entirety because they are untimely. Plaintiff's ERISA claim may proceed against Defendant DTN only. Plaintiff's state-law breach of employment contract claim may proceed against Defendants DTN, Whittinghill, and Washburn. This matter shall proceed as set forth below.

---

[5]The court declines to reach Defendants' extensive arguments that no contract existed between the parties. (Filing No. 24 at CM/ECF pp. 19-34.) The court cannot resolve this issue without an intensive review of numerous documents outside of the pleadings such as Plaintiff's entire personnel file, correspondence between the parties regarding the alleged contract and other employee handbooks, and other documents relating to Plaintiff's work performance. Again, such a fact-intensive review is not permitted at this stage of the proceedings. However, Defendants may re-assert this argument in a properly-supported motion for summary judgment.

IT IS THEREFORE ORDERED that:

1.      Defendants' Motion to Dismiss (Filing No. 23) is granted in part.  All claims
        except Plaintiff's ADEA claim against DTN only, Plaintiff's ERISA claim
        against DTN only, and state breach of contract claim against Defendants
        DTN, Whittinghill, and Washburn are dismissed;

2.      The claims against Defendant Telvent remain dismissed.  In accordance with
        this Memorandum and Order, and the court's March 25, 2010, Memorandum
        and Order, the Clerk of the court is directed to terminate all Defendants
        except Data Transmission Network, Chris Whittinghill, and Sheri Washburn
        from this matter;

3.      The remaining Defendants shall file an answer to the remaining claims in
        accordance with Federal Rule of Civil Procedure 12(a)(4); and

4.      A separate progression order will be entered progressing this matter to final
        disposition.

DATED this 25th day of March, 2011.

                                BY THE COURT:


                                s/Laurie Smith Camp
                                United States District Judge

_____

        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S.
District Court for the District of Nebraska does not endorse, recommend, approve, or
guarantee any third parties or the services or products they provide on their Web sites.
Likewise, the court has no agreements with any of these third parties or their Web sites.
The court accepts no responsibility for the availability or functionality of any hyperlink.
Thus, the fact that a hyperlink ceases to work or directs the user to some other site does
not affect the opinion of the court.