IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLORIA RODGERS,<br><br>    Plaintiff,<br><br>v.<br><br>DATA TRANSMISSION NETWORK, TELVENT, CHRIS WHITTINGHILL, AMANDA MARSHALL and SHERI WASHBURN,<br><br>    Defendants. | No. 8:10-cv-046<br><br>**PROTECTIVE ORDER** |

Plaintiff Gloria Rodgers ("Plaintiff") and Defendants Data Transmission Network ("DTN"), Chris Whittinghill and Sheri Washburn (collectively referred to herein as "Defendants") have filed a Joint Stipulation for Protective Order (filing 63). Having considered the matter, the Court concludes that the Stipulation should be adopted.

Accordingly,

**IT IS ORDERED** that all documents and information described herein and produced by Plaintiff, Defendants or any non-party are governed by the following:

    1.    In this action, the parties have sought and are seeking Confidential Information (as defined in Paragraph 2 below) during discovery. The parties further anticipate there will be questioning concerning Confidential Information in the course of depositions. The parties assert the disclosure of such information outside the scope of this litigation could result in significant

4817-6298-3692.1

injury to one or more of the parties' business or private individual interests.  The parties also assert that the need for this Protective Order applies to any information, documents or materials produced by a non-party as a result of discovery subpoenas or other requests.  The parties have stipulated agreement to this Protective Order and request the Court enter it for the purpose of preventing the disclosure and use of Confidential Information by any party or non-party except as set forth herein.  The terms of this Protective Order shall apply to any information or materials produced by any party or non-party as part of discovery in this action, including, but not limited to, information or materials marked "Confidential," already produced.  Each and every attorney with the law firms representing the parties in this case shall be deemed to be subject to this Protective Order and shall be deemed to have actual knowledge of the restrictions herein.

2. Under the terms of this Protective Order, "Confidential Information" means any document, file, electronic material, portions of files, transcribed testimony or responses to discovery requests, including any extract, abstract, chart, summary, note or copy made therefrom and designated by one of the parties or a non-party in the manner provided in Paragraph 3 below as containing or comprising confidential policies or procedures, proprietary business or financial information, or information pertaining to individuals outside of Plaintiff that were or are employed by DTN or a non-party, the release of which would harm the business interests or private individual interests or otherwise embarrass or invade the privacy of the designating party. Such documents, information or materials may be so designated as Confidential only if they are not otherwise publicly available.  A producing non-party shall have the same rights and obligations as a party with regard to such documents, information or things.

3. Where any kind of Confidential Information is produced, provided or otherwise disclosed in this action in response to any discovery request or subpoena, including by means of

4817-6298-3692.1

entry onto land or premises or by inspection of books, records, documents or tangible things, such Confidential Information will be designated by stamping as "CONFIDENTIAL" the documents that will be covered by this Order, and such stamp shall be preserved on the copies of such documents, including, but not limited to, pages of any deposition transcript or exhibit which discloses or discusses the protected information as well as documents provided by Plaintiff or Defendants to the Nebraska Equal Opportunity Commission ("NEOC") or the Equal Employment Opportunity Commission ("EEOC") in connection with Plaintiff's charge of discrimination against DTN.

    4.    For documents previously provided by Plaintiff or Defendants to the NEOC or EEOC that may now be in the possession of the opposing party, the parties agree that the producing party shall identify in writing all such documents she/they contends contain Confidential Information.  Upon receipt of written identification, the opposing party will either stamp the identified documents and all copies thereof as confidential, or return them, including all copies, to the producing party to mark as confidential.  If the opposing party elects for the producing party to mark the documents identified as confidential, the producing party agrees to promptly return the stamped documents to the opposing party.  In the event a party elects to mark the documents identified by the producing party as confidential, within 15 days of receipt of the producing party's written request identifying such confidential documents, the party will provide the opposing party a letter certifying that said documents and all copies have been so marked.

    5.    This Stipulation for Protective Order shall be without prejudice to the right of any of the parties to this action (i) to seek any further Protective Order; or (ii) by application and notice, to seek relief from any provision of this Stipulation for Protective Order and the Protective Order contemplated hereby on any ground.  During the pendency of any challenge to

the applicability of this Stipulation for Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Stipulation for Protective Order and the Protective Order contemplated hereby.

6.  Any Confidential Information shall be treated as confidential by the parties, their attorneys and persons assisting their attorneys. The parties' attorney will inform each person to whom such Confidential Information is disclosed that such person is strictly forbidden by this Order to disclose such Confidential Information under any circumstances. If any Confidential Information covered by this Protective Order is used at a deposition or in any other proceeding in this case, it shall be handled as confidential and maintained under seal from public view.

7.  Confidential Information:

   (a) Except as provided herein, shall not be disclosed to anyone other than the Court and its staff, the parties hereto, their attorneys of record in this litigation, and their employees who are assisting such attorneys in this litigation, any in-house counsel, family members, court reporters who record deposition or other testimony, witnesses, potential witnesses, deponents, consultants and/or experts;

   (b) If any party, attorney or individual shall disclose Confidential Information to a consultant, expert witness, potential witness or family member, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order. A copy of each executed Confidentiality Agreement shall be maintained by counsel for

4817-6298-3692.1

4

    the disclosing party in a secure place and, upon request, shall produce the same to counsel for the non-disclosing party.  If any party discloses Confidential Information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order.  Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order; and

 (c) If any person to whom disclosure is permitted under this Protective Order is a nonparty witness or deponent who has not signed a Confidentiality Agreement in the form attached as Exhibit A, then it is the obligation of the disclosing party to ensure that such person is not permitted to retain or make copies of any Confidential Information disclosed to such person, whether such Confidential Information is contained in a deposition, brief, pleading, affidavit or other form.  It is the intent of the parties hereto that Confidential Information not be used for any purpose outside the reasonable conduct of this case.

 8. Confidential Information shall not be used or disclosed by the parties or their attorneys, except as necessary for the prosecution of claims in this action, and in no event shall

4817-6298-3692.1

5

they be disclosed to any person who is neither a party nor a potential witness to this action nor employed or consulted by a party's attorneys to assist those attorneys in the preparation of this case unless the Confidentiality Agreement attached hereto as Exhibit A is signed by the person receiving the disclosure.  Subject to the provisions of this Stipulated Protective Order, attorneys who represent a party in this case may disclose such materials and information or the contents thereof to secretaries, clerks and paralegals as necessary to assist those attorneys.

9.   In the event that any party uses any Confidential Information in connection with any pretrial motion or at trial, such Confidential Information will not be made part of the public record, and the Court shall not permit disclosure of any Confidential Information or any portion thereof except as provided herein.  Subject to the provisions of this Stipulated Protective Order, attorneys who represent a party in this case may disclose such Confidential Information or the contents thereof to secretaries, clerks and paralegals as necessary to assist those attorneys.

10.   Should a party object to the designation of documents or materials as Confidential, the objecting party shall, within 30 days, notify the opposing side's attorneys in writing of such objection.  Failure by either side to object to the confidentiality designation within the time prescribed will serve as a waiver of any subsequent objection.  The parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court, which may conduct an *in camera* inspection of the materials. The party seeking confidentiality of this information shall have the burden of establishing that the information is entitled to confidential treatment.  If the challenging party fails to apply for relief from the Court within 60 days from receipt of the confidential materials, the party will be

considered to have abandoned its objection and will be estopped from any further assertion of the same.

11. Nothing contained in this Stipulated Protective Order shall be construed to prejudice any party's right to use at trial, or otherwise before the Court, any Confidential Information protected by this Stipulated Protective Order, but any such Confidential Information shall only be used, and its confidentiality protected, as determined and directed by the trial Court.

12. Upon final determination of this action, including all appeals, each party must destroy documents or materials containing Confidential Information or return it to the party or non-party that produced it.

13. This Court shall maintain its copies of the documents or materials containing Confidential Information protected under this Stipulated Protective Order under seal and shall not permit them to be inspected by the public.

14. By approval of this Protective Order, counsel for the parties agree that the parties and counsel for the parties are bound by the conditions of this Protective Order.

15. Execution of this Protective Order does not constitute a waiver of any objections raised by a party to the production of any documents or information even if such documents or information are encompassed within this Protective Order.

16. Counsel for Plaintiff has given counsel for Defendants permission to use his electronic signature in filing this joint stipulation.  *See* NECivR 11.1(a)(3)(A)(ii).

**DATED October 24, 2011.**

                                  **BY THE COURT:**

                                  **S/ F.A. Gossett**
                                  **United States Magistrate Judge**

Exhibit A

**CONFIDENTIALITY AGREEMENT**

  The undersigned hereby acknowledges that he/she has read the Stipulation for Protective Order and Protective Order dated October ___, 2011 entered by the United States District Court for the District of Nebraska in the action entitled *Gloria Rodgers v. Data Transmission Network, Telvent, Chris Whittinghill, Amanda Marshall and Sheri Washburn*, Case No. 8:10CV046, that he/she understands the terms thereof and that he/she agrees to be bound by such terms.

  Dated this _____ day of _____, 20___.

                              _____