IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GLORIA RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV46 |
| | ) | |
| V. | ) | |
| | ) | |
| DATA TRANSMISSION NETWORK, CHRIS WHITTINGHILL, and SHERI WASHBURN, | ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | ) | |

Several discovery disputes have arisen in this matter and are now before the court for resolution. (Filings 83, 89, 102, 106.) Each of these disputes will be discussed in turn below.

### 1. Order To Show Cause

On December 7, 2011, the court entered an order granting a motion to compel filed by Defendants (filing 79). The order directed Plaintiff to produce documents and information responsive to Defendants' Second Set of Interrogatories and Second Set of Requests for Production of Documents on or before December 19, 2011. (*Id.*) The court additionally ordered Plaintiff to show cause why Defendants should not be awarded the costs and attorney's fees incurred in bringing the motion to compel. (*Id.*)

Plaintiff, in compliance with the court's order, filed a brief setting forth reasons why sanctions should not be imposed. (Filing 83.) Essentially, Plaintiff makes two arguments. First, Plaintiff argues that she did not respond to Defendants' interrogatories because Defendants were over the 25-interrogatory limit. Second, Plaintiff argues that Defendants did not make a good faith effort to confer regarding the outstanding discovery requests in advance of filing the motion to compel and that Defendants misrepresented to the court that they attempted to do so.

In response, Defendants argue that even if they exceeded the permissible number of interrogatories, Plaintiff was nevertheless obligated to make this objection in a timely manner in response to the interrogatories and not simply raise the issue in opposition to a motion to compel. Defendants maintain that defense counsel spoke with Plaintiff's counsel about the outstanding discovery requests on October 5, 2011, and informed Plaintiff's counsel that a motion to compel would be filed if the discovery responses were not received by October 12, 2011. Defendants also claim that Plaintiff has not provided Defendants with the subject discovery responses, despite the court's order to do so.

After considering the parties' arguments, the court will not order Plaintiff to pay Defendants' attorney's fees and costs. It is clear that defense counsel informed Plaintiff's counsel that a motion to compel would be filed if discovery responses were not received by October 12, 2011. However, subsequent to defense counsel's imposition of that deadline, the parties' attorneys corresponded on a couple of occasions. The court tends to agree with Plaintiff that defense counsel could have, before filing the motion to compel, mentioned in those intervening communications that a motion to compel was imminent.

More troubling to the court, however, is that despite the court's order on Defendants' motion to compel, Plaintiff has still failed to provide responses to the outstanding discovery. Plaintiff maintains that the responses were provided through deposition testimony and that Defendants should have known that no documents or items responsive to the document requests exist. Plaintiff is mistaken in her belief that she has complied with the court's order. Despite this purported knowledge on behalf of Defendants, Plaintiff is still required to provide written responses to Defendants' discovery requests.

Based on the circumstances presented here, the court will not award Defendants costs and fees. The court warns Plaintiff, however, that future failure to comply with court orders may result in the imposition of severe sanctions. By or before March 14, 2012. Plaintiff shall provide proper, written responses to Defendants' discovery requests and produce the requested materials.

**2.     Motion in Limine and Cross-Motions for Attorney's Fees**

On January 20, 2012, Defendants filed a motion in limine seeking to exclude the testimony of Plaintiff's expert witness, Jerome Sherman (filing 89). Defendants argued that Mr. Sherman's testimony should be excluded because Plaintiff failed to comply with the conditions for disclosure of an expert witness set forth in Fed. R. Civ. P. 26(a)(2)(B), which requires, among other things, the submission of a report detailing the opinion of the expert. Plaintiff responded to the motion by stating that she does not intend to call Mr. Sherman as a witness. (Filing 100.) Defendants then filed a motion for attorney's fees, complaining that Plaintiff failed to supplement her expert disclosure to indicate her decision not to rely on expert testimony and that Plaintiff did not communicate with Defendants in any manner to indicate that she would not be retaining an expert witness after all. (Filing 102.)

Defendants argue that if Plaintiff had communicated her decision not to provide expert testimony at any time prior to the deadline for filing motions in limine, Defendants would have avoided the expense of drafting and filing the motion. While this may be true, and while Plaintiff should have notified Defendants of her intention, Defendants also could have avoided the expense of the motion in limine by simply inquiring, prior to filing the motion, as to the production of the expert report. Defendants' motion for attorney's fees in connection with their motion in limine will be denied. Plaintiff's informal cross-motion for fees relating to the motion in limine will likewise be denied.

**IT IS ORDERED:**

1.   Defendants' Motion in Limine to Exclude Testimony of Jerome Sherman (filing 89) is denied as moot.

2.   Defendants' Motion for Fees and Costs Incurred in Preparing Motion in Limine (filing 102) is denied.

3.   Plaintiff's request for attorney's fees (filing 106) is denied.

4. Defendants will not be awarded costs and attorney's fees in connection with their motion to compel ([filing 65](filing 65)).  However, by or before March 14, 2012, Plaintiff shall provide proper, written responses to Defendants' Second Set of Interrogatories and Second Set of Requests for Production of Documents and produce the requested materials.

**DATED March 7, 2012.**

        **BY THE COURT:**

        S/ F.A. Gossett
        **United States Magistrate Judge**